UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAMESHA ROBERTSON, | Case No:  C 10-3525  SBA |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |
| BANK OF AMERICA, NA, | |
| Defendant. | Dkts. 15, 20 |

Plaintiff brings this pro se action against Defendant Bank of America, NA, alleging that she was defrauded in connection with the refinancing of her home.  This matter is presently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 15) and Plaintiff's Motion for Rule 11 Sanctions (Dkt. 20). Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Rule 11 Sanctions for the reasons set forth below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

I.      **BACKGROUND**

A.      **FACTUAL BACKGROUND**

Plaintiff filed the instant action on August 11, 2010, challenging Defendant's foreclosure action against her home located at 1215 Hollyburne Avenue, Menlo Park, California.  Plaintiff generally alleges that Defendant induced her to enter into a predatory loan agreement, committed numerous acts of fraud, failed to make proper notices that would have given her warning of Defendant's fraudulent practices, charged false fees to Plaintiff, and initiated frivolous collection procedures against Plaintiff.  Dkt. 1 at 1-2.  Plaintiff further alleges that her loan amount was $438,750.00, but she fails to indicate the date of the loan

agreement or with what lending entity she entered that agreement.  Id. at 4.  She also fails to allege any facts regarding the terms of the loan at issue or attach any relevant loan document. The remainder of Plaintiff's factual allegations consist of criticisms of the mortgage lending industry and general practices within that industry.  See id. at 2-7; 20-22.

Plaintiff's Complaint alleges causes of action for:  (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"); and (6) intentional infliction of emotional distress.  Id. at 25-30.   Plaintiff's breach of fiduciary duty and negligence claims are premised on Defendant's alleged failure to comply with unspecified provisions of TILA, the Home Ownership Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures Act ("RESPA").  Id. at 25-26.

### B.    PROCEDURAL BACKGROUND

On August 11, 2010, Plaintiff filed an ex parte Motion for Restraining Order and an ex parte Motion for Temporary Injunction to enjoin the non-judicial foreclosure sale of her home, which was scheduled for August 27, 2010.  On August 16, 2010, the Court denied Plaintiff's motions.  Dkt. 12.  Now, Defendant moves, under Rule 12(b)(6), to dismiss each of Plaintiff's causes of action.  Dkt. 15.  Plaintiff has filed an opposition to Defendant's motion, along with a "Motion for Rule 11 Sanctions."  Dkt. 20.  The merits of the parties' motions are addressed below.

## II.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Id.  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  "[A] Plaintiffs' obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

1  the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

2  555 (2007).

3        When considering a motion to dismiss under Rule 12(b)(6), a court must take the

4  allegations as true and construe them in the light most favorable to plaintiff.  <u>Leatherman v.

5  Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993).

6  Where the plaintiff is pro se, the Court must liberally construe his pleadings.  <u>Balistreri</u>, 901

7  F.2d at 699.  However, "the tenet that a court must accept as true all of the allegations

8  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

9  elements of a cause of action, supported by mere conclusory statements, do not suffice."

10 <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can

11 provide the complaint's framework, they must be supported by factual allegations."  <u>Id.</u> at

12 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to

13 plausible[.]"  <u>Id.</u> at 1951 (quoting <u>Twombly</u>, 550 U.S. at 557).

14       In deciding a Rule 12(b)(6) motion, the court "may generally consider only allegations

15 contained in the pleadings, exhibits attached to the complaint, and matters properly subject to

16 judicial notice[.]"  <u>Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage

17 Leasehold and Easement in the Cloverly Subterranean, Geological Formation</u>, 524 F.3d 1090,

18 1096 (9th Cir. 2008).  Also, documents whose contents are alleged in a complaint and whose

19 authenticity no party questions, but which are not physically attached to the pleading, may be

20 considered on a Rule 12(b)(6) motion.  <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994)

21

22

23

24

25

26

27

28

1   (overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th

2   Cir. 2002)); accord Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).[1]

3        If the complaint is dismissed, the plaintiff generally should be afforded leave to amend

4   unless it is clear the complaint cannot be saved by amendment.  Sparling v. Daou, 411 F.3d

5   1006, 1013 (9th Cir. 2005).

6   **III.    ANALYSIS**

7        **A.    PLAINTIFF'S FIRST CLAIM FOR BREACH OF FIDUCIARY DUTY**

8        In her breach of fiduciary duty claim, Plaintiff alleges that Defendant "owed petitioner a

9   fiduciary duty of care with respect to the mortgage loan transactions and related title activities

10  involving" the property, and Defendant breached that duty by failing to comply, in an

11  unspecified manner, with TILA, HOEPA, and RESPA.  Compl. at 25.

12       Defendant contends that Plaintiff has not alleged facts showing that Defendant owed her

13  a fiduciary duty.  "[B]efore a person can be charged with a fiduciary obligation, he must either

14  knowingly undertake to act on behalf and for the benefit of another, or must enter into a

15  relationship which imposes that undertaking as a matter of law."  City of Hope Nat. Med. Ctr.

16  v. Genentech, Inc., 43 Cal.4th 375, 386 (2008) (internal quotations omitted).  To satisfy the

17  "knowingly undertake" requirement, Plaintiff must show that Defendant "entered into [the

18

19       [1] Along with its motion, Defendant has submitted a Request for Judicial Notice, asking
the Court to take judicial notice of the following Exhibits: (A) complaint in Lance Keating v.
20  BAC Home Loan Servicing, Case No. CV-10-6367 (U.S. Dist. Court, C. D. Cal.); (B)
    complaint in Gillam v. BAC Home Loans Servicing, LP, Case No. CV-10-1059 (U.S. Dist.
21  Court, C. D. Cal.); (C) Adjustable Rate Note, Loan Number 17029, in the amount of
    $438,750.00, related to property located at 1215 Hollyburne Avenue, Menlo Park, California,
22  dated March 15, 2007, signed by Plaintiff; (D) Deed of Trust, Loan Number 17029, in the
    amount of $438,750.00, related to property located at 1215 Hollyburne Avenue, Menlo Park,
23  California, recorded on March 23, 2007 in the Official Records of San Mateo County, signed
    by Plaintiff; and (E) Notice of Default and Acceleration, dated July 9, 2007, mailed to Plaintiff.
24  Dkt. 15.  The Court may take judicial notice of facts that are a matter of public record, such as
    Exhibits A, B, and D.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Also, as
25  indicated, documents whose contents are alleged in a complaint and whose authenticity no
    party questions, but which are not attached to the pleading, such as Exhibits C and E, may be
26  considered on a Rule 12(b)(6) motion.  Branch, 14 F.3d at 456.  Moreover, Plaintiff has not
    opposed Defendant's request or disputed the authenticity of the Exhibits.  Therefore,
27  Defendant's request (Dkt. 15) is GRANTED.

28

1   contractual relationship] with the view of acting primarily for the benefit of [Plaintiff]" and

2   "subordinat[ing] its interests to those of [Plaintiff]."  Id.

3          Here, Plaintiff fails to allege any facts describing her relationship with Defendant.

4   Specifically, she fails to allege that Defendant is the originating lender of her loan, or that

5   Defendant is the servicer of her loan transaction.  Indeed, she does not allege the role, if any,

6   that Defendant played in connection with her loan.  Moreover, the Deed of Trust for Plaintiff's

7   property indentifies Zone Funding as the originating lender, Financial Title Company as

8   trustee, and Mortgage Electronic Registration Systems, Inc. as beneficiary.  RJN Ex. D.  Lastly,

9   the July 9, 2007 Notice of Default and Acceleration was sent to Plaintiff by Countrywide

10  Home Loans Servicing, LP, which identified itself as the servicer of her loan, and Plaintiff

11  makes no allegation in her Complaint that Defendant later assumed servicing of her loan.  Id.

12  Ex. E.  As such, Plaintiff has not alleged a relationship with Defendant giving rise to a

13  fiduciary duty.  Of note, Plaintiff has not offered any argument to the contrary in her

14  opposition.  Therefore, Defendant's motion to dismiss Plaintiff's first claim for breach of

15  fiduciary duty is GRANTED, and Plaintiff is granted leave to cure the above-stated

16  deficiencies.[2]

17      **B.    PLAINTIFF'S SECOND CLAIM FOR NEGLIGENCE/NEGLIGENCE PER SE**

18         In her negligence/negligence per se claim, Plaintiff asserts that Defendant "owed a

19  general duty of care with respect to [Plaintiff], particularly concerning their duty to properly

20  perform due diligence as to the loans and related transactional issues …," and that Defendant

21         [2] As an alternative matter, Defendant argues that Plaintiff's breach of fiduciary duty
22  claim is barred by the applicable three-year statute of limitations.  In particular, Defendant
    asserts that Plaintiff's claim is premised on Defendant's alleged failure to disclose information
23  in connection with her loan transaction.  It follows, according to Defendant, that any breach
    must have occurred prior to the closing of Plaintiff's loan, on March 15, 2007, which is more
24  than three years before Plaintiff filed suit.  Defendant makes similar statute of limitations
    arguments in moving to dismiss Plaintiff's negligence and fraud claims.  As explained herein,
25  the Court grants Defendant's motion to dismiss these claims largely because Plaintiff has not
    sufficiently pled Defendant's breach of duty or its fraudulent conduct.  Given that Plaintiff is
26  granted leave to amend these claims, and could allege in her amended complaint conduct that
    occurred within the limitations period, the Court will not address the merits of Defendant's
27  statute of limitations arguments at this time.  Should Plaintiff chose to amend, Defendant is free
    to reassert these arguments in view of the allegations in the amended complaint.
28

owed a duty of care under TILA , HOEPA, and RESPA to "provide proper disclosures concerning the terms and conditions of the loans they marketed, to refrain from marketing loans they knew or should have known that borrowers could not afford or maintain, and to avoid paying undue compensation … to mortgage Agents and loan officers."  Compl. at 26.[3] Plaintiff further alleges that Defendant knew or should have known that "the loan transactions involving [Plaintiff] … were defective, unlawful, violative of federal and state laws and regulations …."  Id.

Negligence requires a plaintiff to allege "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) resulting injury."  Castaneda v. Saxon Mortgage Services, 2009 WL 4640673, at *4 (E.D. Cal. Dec. 3, 2009).  In this case, Defendant argues that Plaintiff's claim fails because she has not alleged facts showing that Defendant owed her a duty of care.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1096 (1991).  The same holds true for the servicing entity and the beneficiary of Plaintiff's loan.  See Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (dismissing negligence claim against lender, nominal beneficiary, and loan servicer, on the ground that "absent special circumstances a loan transaction is at arms-length and no duties arise from the loan transaction outside of those in the agreement") (internal quotations omitted).  Moreover, the relevant case law supports the conclusion that a lender has no duty to inform a borrower whether he or she can afford a loan.  Perlas v. GMAC Mortgage, LLC, 187 Cal.App.4th 429, 436 (2010) ("[a] lender is under no duty to determine the borrower's ability to repay the loan …. The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.") (internal quotations omitted); Cross v. Downey Savings and Loan Ass'n, 2009

_____

[3] Plaintiff does not distinguish between her "negligence" and "negligence per se" theories.

WL 481482, at *5 (C.D. Cal. Feb. 23, 2009) (dismissing fraud claim where "defendant had no duty to disclose to plaintiff that he did not have the ability to repay the loan") (internal citation omitted); <u>Coyotzi v Countrywide Fin. Corp.</u>, 2009 WL 2985497, at *12 (E.D. Cal. Sept. 16, 2009) ("Lenders lack[] a duty to advise plaintiffs that plaintiffs could not make their monthly payments.") (internal quotations omitted).

As indicated, Plaintiff fails to allege any facts describing her relationship with Defendant, much less facts showing "special circumstances" between the parties that would give rise to Defendant's alleged duty of care.  Plaintiff has not argued otherwise in her opposition.  Therefore, Defendant's motion to dismiss Plaintiff's second claim for negligence/negligence per se is GRANTED, and Plaintiff is granted leave to cure these deficiencies.

### C.     PLAINTIFF'S THIRD CLAIM FOR COMMON LAW FRAUD

To state a claim for fraud, a plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.  <u>Lazar v. Sup. Ct.</u>, 12 Cal.4th 631, 638 (1996).  Defendant asserts that Plaintiff's fraud claim should be dismissed because she has not alleged a misrepresentation of material fact made by Defendant.

Indeed, Plaintiff makes allegations only against undefined "Agents et al" in support of her fraud claim.  <u>See</u> Compl. at 27 ("When the Agents made the representations alleged herein, he/she/it had no reasonable ground for believing them to be true."); ("Agent made misrepresentations with intention of inducing Petitioner to act in reliance …."); (Agent et al facilitated, aided and abetted various Agents in their negligent misrepresentation ….")("As a proximate result of the negligent misrepresentations of Agents as herein alleged, the Petitioner sustained damages …").  Plaintiff's fraud claim lacks any allegation of specific wrongdoing by Defendant, as required by the heightened pleading standard of Rule 9(b) of the Federal Rules

1   of Civil Procedure.[4]  Furthermore, Plaintiff does not allege what facts Defendant

2   misrepresented with respect to her loan.

3         In her opposition, Plaintiff asserts that she has plead her fraud claim with particularity

4   because "Defendant charged false fees," and Defendant "has committed fraud by representing

5   to the court that BANK OF AMERICA, NA is a real party in interest in the contract of sale and

6   has standing to take said property from defendant (sic) when no such claim exists."  Dkt. 19 at

7   2-3.  Regardless of whether those factual allegations are sufficient to state a fraud claim, none

8   of those allegations appear *in her Complaint*.  Therefore, Defendant's motion to dismiss

9   Plaintiff's fraud claim is GRANTED.  Plaintiff is granted leave to amend her claim to

10  conform with Rule 9(b).

11        **D.    PLAINTIFF'S FOURTH CLAIM FOR BREACH OF THE COVENANT OF GOOD**

12              **FAITH AND FAIR DEALING**

13        Plaintiff's fourth cause of action is for breach of the implied covenant of good faith and

14  fair dealing, which provides that no party to a contract may do anything that would deprive

15  another party of the benefits of the contract.  Foley v. Interactive Data Corp., 47 Cal.3d 654,

16  683-684 (1988).  "This covenant is read into contracts in order to protect the express covenants

17  or promises of the contract, not to protect some general public policy interest not directly tied

18  to the contract's purpose."  Wolf v. Walt Disney Pictures & Television, 162 Cal.App.4th 1107,

19  1120 (2008) (internal quotations omitted). "The implied covenant of good faith and fair dealing

20  rests upon the existence of some specific contractual obligation" and there "is no obligation to

21  deal fairly or in good faith absent an existing contract."  Racine & Laramie, Ltd. v. Dep't of

22  Parks & Recreation, 11 Cal.App.4th 1026, 1031-32 (1992) (internal quotations omitted).

23        In her claim, Plaintiff alleges that Defendant:

24        willfully breached [its] implied covenant of good faith and fair dealing with
          Petitioner when Defendant[]: (1) Failed to provide all of the proper disclosures;
25

---

26        [4] Rule 9(b) requires that Plaintiffs plead with detail "the time, place, and manner of each
27  act of fraud, plus the role of each defendant in each scheme."  Lancaster Com. Hosp. v.
    Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).  Courts have also phrased the
28  heightened pleading standard as requiring "the who, what, when, where, and how of the
    misconduct charged."  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003).

1
2
3
4
5
6

(2) Failed to provide accurate Right to Cancel Notices; (3) Placed Petitioner into Petitioner's current loan product without regard for other more affordable products; (4) Placed Petitioner into a loan without following proper underwriting standards; (5) Failed to disclose to Petitioner that Petitioner was going to default because of the loan being unaffordable; (6) Failed to perform valid and/or properly documented substitutions and assignments so that Petitioner could ascertain Petitioner rights and duties; and (7) Failed to respond in good faith to Petitioner's request for documentation for servicing of Petitioner's loan and the existence and content of relevant documents.

7

Compl. at 28-29.

8
9
10
11
12
13
14
15
16
17
18
19

As an initial matter, Plaintiff fails to identify which "disclosures" are at issue or what particular contract, if any, forms the basis of her implied covenant claim. As explained above, Plaintiff fundamentally fails to explain her relationship with Defendant, or Defendant's role in her loan transaction. The lack of such allegations contravenes the Supreme Court's mandate that the pleadings "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal quotations omitted). Nevertheless, if the contract underlying the instant claim is Plaintiff's mortgage loan, the alleged withholding of disclosures appears to have occurred *prior to* its execution. Pre-contract conduct, however, cannot support a claim for breach of the implied covenant of good faith and fair dealing. See McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008) (alleged misconduct during contract negotiations failed to state a claim for breach of the implied covenant of good faith and fair dealing).

20
21
22
23
24
25
26
27
28

Furthermore, to the extent Plaintiff's allegations can be construed as referring to events that occurred *after* execution of her loan, the implied covenant does not apply if there is "no express term … on which to hinge an implied duty, and where there has been compliance with the contract's express terms." Berger v. Home Depot U.S.A., Inc., 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007). Again, Plaintiff fails to allege what contract forms the basis of her claim, nor does she allege what specific contractual provision Defendant has violated. Furthermore, Plaintiff fails to allege any express term of her mortgage loan upon which she can "hinge" the implied duties that she alleges Defendant breached. As with several of her other claims, Plaintiff has offered no argument in her opposition to support her implied covenant claim.

Accordingly, Defendant's motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is GRANTED.  Plaintiff is granted leave to cure the above-stated deficiencies.

**E.    PLAINTIFF'S FIFTH CLAIM ALLEGING TILA VIOLATION**

In her Complaint, Plaintiff alleges, by "incorporating by reference" her previously stated allegations, that Defendant violated TILA.  Compl. at 29.  Plaintiff seeks both damages and rescission with her claim.

TILA provides a one-year statute of limitations for claims for civil damages.  15 U.S.C. § 1640(e).  The statute begins to run when the borrower signs the loan documents, which in this case, was on March 15, 2007.  See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); King v. California, 784 F.2d 910, 914 (9th Cir. 1986); RJN Ex. C.  Plaintiff did not commence this action until August 11, 2010, more than three years after she signed her loan document.   As such, her claim for damages under TILA as pled is time barred.

Furthermore, to the extent that Plaintiff seeks rescission, her TILA claim as pled is barred by the three-year statute of limitations.  15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction ….").  The "date of consummation" of the transaction is the date on which the loan is signed.  12 C.F.R. § 226.2(a)(13); Maguca v. Aurora Loan Servs., 2009 WL 3467750, *1 (C.D. Cal. Oct. 28, 2009) (dismissing TILA recession claim with prejudice where plaintiff entered into the mortgage agreements on April 5, 2006 and filed suit on April 14, 2009).  As set forth above, Plaintiff did not file her Complaint until August 11, 2010, more than three years after signing her loan.

Thus, Defendant's motion to dismiss Plaintiff's TILA claim is GRANTED.  However, the Court will grant Plaintiff leave to amend in the event that she can allege facts sufficient to toll the statute.

**F.    PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

1  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

2  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

3  the defendant's outrageous conduct.  Cervantes v. J.C. Penny, 24 Cal.3d. 579, 593 (1979).  To

4  be actionable, the conduct at issue must be "so extreme as to exceed all bounds of that usually

5  tolerated in a civilized community."  Davidson v. City of Westminster, 32 Cal.3d 197, 185

6  (1982) (citing Cervantes, 24 Cal.3d at 593).

7          Here, Plaintiff's claim falls short.  She only alleges that "[t]he conduct committed by

8  Defendants [sic], driven as it was by profit at the expense of increasingly highly leveraged and

9  vulnerable customers … was extreme and outrageous and not to be tolerated by civilized

10  society."  Compl. at 30.  Plaintiff does not identify the "conduct" of Defendant that is at issue,

11  or specifically how that conduct was extreme or outrageous.  Such legal conclusions without

12  factual support are insufficient.  See Twombly, 550 U.S. at 555 ("[A] Plaintiffs' obligation to

13  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

14  and a formulaic recitation of the elements of a cause of action will not do.").  Defendant's

15  motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is

16  GRANTED.  Plaintiff is granted leave to cure the deficiencies in her claim.

17  **IV.    PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

18          Along with her opposition to Defendant's Motion to Dismiss, Plaintiff has filed a

19  Motion for Rule 11 Sanctions, asking the Court to "impose sanctions against David S. Reidy,

20  esq., and Molly A. Taylor, esq. counsel for Defendant … for filing Defendants (sic) Answer in

21  violation of Federal Rule of Civil Procedure 11(b)."  Dkt. 20.

22          Because Defendant has not yet answered Plaintiff's complaint, the Court liberally

23  construes Plaintiff's motion as directed to Defendant's Motion to Dismiss.  Generally, Plaintiff

24  alleges that Defendant's counsel failed to make a reasonable inquiry into the facts or law before

25  filing Defendant's motion.  Id. at 11.  Furthermore, Plaintiff contends that Defendant's motion

26  was filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly

27  increase the cost of litigation.  The record does not support Plaintiff's assertions, as there is no

28  evidence that Defendant's successful Motion to Dismiss was filed for any improper purpose.

1   Moreover, Plaintiff's motion is procedurally infirm, which provides an additional

2   ground for denial.  Where, as here, sanctions are sought by a Rule 11 motion, Rule 11 provides

3   for a mandatory twenty-one day safe-harbor period before a motion for sanctions can be filed

4   with the Court.  Fed. R. Civ. P. 11(c)(1)(A).  The movant must "serve the allegedly offending

5   party with a filing-ready motion as notice that it plans to seek sanctions." Truesdell v.

6   Southern California Permanente Medical Group, 293 F.3d 1146, 1151-1152 (9th Cir. 2002).

7   "After 21 days, if the offending party has not withdrawn the filing, the movant may file the

8   Rule 11 motion with the court." Id.  There is no indication that Plaintiff complied with Rule

9   11's safe harbor provision.  Indeed, Defendant's counsel has submitted a declaration indicating

10  that an Electronic Case Filing ("ECF") email notification, sent via the ECF system, was the

11  only notice Defendant received regarding Plaintiff's motion.  Dkt. 24, Taylor Decl. ¶ 2.  For

12  these reasons, Plaintiff's Motion for Rule 11 Sanctions is DENIED.

13  **V.    CONCLUSION**

14      For the above stated reasons,

15      IT IS HEREBY ORDERED THAT:

16      1.    Defendant's Motion to Dismiss is GRANTED, with leave to amend, as to

17  Plaintiff's first claim for breach of fiduciary duty, second claim for negligence/negligence per

18  se, third claim for common law fraud, fourth claim for breach of the implied covenant of good

19  faith and fair dealing, fifth claim for violation of TILA, and sixth claim for intentional

20  infliction of emotional distress.

21      2.    Plaintiff's Motion for Rule 11 Sanctions is DENIED.

22      3.    The hearing on Defendant's Motion to Dismiss scheduled for November 9, 2010

23  is VACATED.

24      4.    Plaintiff shall file a First Amended Complaint consistent with this Order within

25  twenty-one (21) days of the date this Order is filed.  Failure to timely file a First Amended

26  Complaint will result in the dismissal of this action, with prejudice.  If Plaintiff timely amends

27  her pleading, Defendant shall respond consistent with the Federal Rules of Civil Procedure.

28

5.      The telephonic Case Management Conference scheduled for November 17, 2010 is CONTINUED to **February 10, 2011 at 3:15 p.m**.  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

6.      This Order terminates Dockets 15 and 20.

IT IS SO ORDERED.

Dated: 11/1/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAMESHA ROBERTSON,

            Plaintiff,

  v.

BANK OF AMERICA NA et al,

            Defendant.
_____/

Case Number: CV10-03525 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamesha Robertson
1215 HollyBurne Avenue
Menlo Park, CA 94025

Dated: November 2, 2010

                        Richard W. Wieking, Clerk
                           By: LISA R CLARK, Deputy Clerk