UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAMESHA ROBERTSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, NA,<br><br>                    Defendant. | Case No:  C 10-3525  SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Dkt. 28 |

Plaintiff brings this *pro se* action against Defendant Bank of America, NA, alleging that she was defrauded in connection with the refinancing of her home.  This matter is presently before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 28.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.      BACKGROUND

Plaintiff filed the instant action on August 11, 2010, challenging Defendant's foreclosure action against her home located at 1215 Hollyburne Avenue, Menlo Park, California.  Plaintiff generally alleges that Defendant induced her to enter into a predatory loan agreement, committed numerous acts of fraud, failed to make proper notices that would have given her warning of Defendant's fraudulent practices, charged false fees to Plaintiff, and initiated frivolous collection procedures against Plaintiff.  See First Amended Complaint, ("FAC"), Dkt. 26.

In her initial Complaint, Plaintiff alleged claims for:  (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) fraud; (4) violation of the Truth in Lending Act ("TILA"); (5)

1  breach of the implied covenant of good faith and fair dealing; and (6) intentional infliction of

2  emotional distress.  Compl. at 25-30, Dkt. 1.  On November 2, 2010, the Court granted

3  Defendant's motion to dismiss Plaintiff's claims under Rule 12(b)(6), and granted Plaintiff

4  leave to amend her claims.  Dkt. 25.

5  　　　　On November 22, 2010, Plaintiff filed her FAC, amending the claims set forth in her

6  initial Complaint and adding a claim for unfair competition under California Business and

7  Professions Code § 17200 and a claim for "quiet title."  See Dkt. 26.  Now, Defendant moves

8  again under Rule 12(b)(6) to dismiss each of Plaintiff's claims.  Dkt. 28.

9  **II.    LEGAL STANDARD**

10  　　　　A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

11  plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a

12  cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13  To survive a motion to dismiss for failure to state a claim based on deficient pleading, a

14  complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8,

15  which requires that the complaint include a "short and plain statement of the claim showing

16  that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); see also Swierkiewicz v. Sorema

17  N.A., 534 U.S. 506, 508 (2002).  Though pro se pleadings are liberally construed, plaintiffs

18  remain obligated to comply with all rules of procedure.  See Ghazali v. Moran, 46 F.3d 52, 54

19  (9th Cir. 1995) (per curiam).

20  　　　　When considering a Rule 12(b)(6) motion, a court must take the allegations as true and

21  construe them in the light most favorable to plaintiff.  See Knievel v. ESPN, 393 F.3d 1068,

22  1072 (9th Cir. 2005).  However, "the tenet that a court must accept as true all of the allegations

23  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

24  elements of a cause of action, supported by mere conclusory statements, do not suffice."

25  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can

26  provide the complaint's framework, they must be supported by factual allegations."  Id. at

27  1950.  Those facts must be sufficient to push the claims "across the line from conceivable to

28  plausible[.]"  Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

1  Ultimately, the allegations must "give the defendant fair notice of what the … claim is and the

2  grounds upon which it rests."  <u>Twombly</u>, 550 U.S. at 555 (internal quotations and citation

3  omitted).

4       "If a complaint is dismissed for failure to state a claim, leave to amend should be

5  granted unless the court determines that the allegation of other facts consistent with the

6  challenged pleading could not possibly cure the deficiency."  <u>Schreiber Distrib. Co. v. Serv-</u>

7  <u>Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).  Leave to amend is not required

8  where permitting further amendment to the pleadings would be futile.  <u>See</u> <u>Deveraturda v.</u>

9  <u>Globe Aviation Sec. Servs.</u>, 454 F.3d 1043, 1049-50 (9th Cir. 2006).

10 **III.   ANALYSIS**

11     **A.   PLAINTIFF'S FOURTH CLAIM UNDER TILA**

12     In her fourth claim, Plaintiff alleges that Defendant violated TILA by failing to provide

13 her with the documentation required by the statute.  <u>See</u> FAC at 30-32.  Plaintiff seeks both

14 damages and rescission under her TILA claim.

15     "Congress enacted TILA 'to assure a meaningful disclosure of credit terms so that the

16 consumer will be able to compare more readily the various credit terms available to him and

17 avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair

18 credit billing and credit card practices.'"  <u>Hauk v. JP Morgan Chase Bank USA</u>, 552 F.3d 1114,

19 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601).  A TILA violation may give rise to a claim

20 for rescission and/or damages.  15 U.S.C. §§ 1635, 1640.

21     In credit transactions involving the borrower's principle dwelling, the borrower has the

22 right to rescind the transaction up to midnight of the third business day following the

23 consummation of a loan transaction.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a).  The creditor

24 must notify the borrower of this right by providing "two copies of the notice of the right to

25 rescind to each consumer entitled to rescind[.]"  12 C.F.R. § 226.23(b)(1); 15 U.S.C. § 1635(a).

26 If the lender fails to provide a notice of the right to rescind or the disclosures required by TILA,

27 the time limit for rescission is extended to "three years after the date of consummation of the

28 transaction or upon the sale of the property, whichever occurs first . . .."  15 U.S.C. § 1635(f);

1  12 C.F.R. § 226.23(a)(3); see Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir.

2  2002).

3      In addition, a borrower may sue to recover "actual damages" and/or statutory damages.

4  15 U.S.C. § 1640(a)(1)-(2).  A claim for monetary damages under TILA "may be brought . . .

5  within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  A

6  TILA violation occurs at the time the loan documents are signed.  See Meyer v. Ameriquest

7  Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).

8      The Court previously dismissed Plaintiff's TILA claim on the ground that it was time

9  barred as pleaded, as Plaintiff did not commence this action until August 11, 2010, more than

10 three years after she signed her loan document on March 15, 2007.  See 11/02/10 Order at 10,

11 Dkt. 25.  In attempt to avoid the statute of limitations bar, Plaintiff amended her TILA claim to

12 include allegations that her claim is timely under the doctrine of equitable tolling.  Specifically,

13 Plaintiff alleges as follows:

14      Plaintiff, by engaging licensed professionals to assist Plaintiff in the procurement
        of the note exercised due diligence.  It was only after news reports of predatory
15      lending practices came to the attention of Plaintiff that Plaintiff discovered
        concealment of TILA violations by Defendant[] within the past year, when
16      Plaintiff engaged the services of a professional to examine the loan for
        improprieties.
17

18 FAC at 31.  Plaintiff also alleges that "Defendant[] actively concealed the complete truth from

19 Plaintiff with the intent of defrauding Plaintiff" by "inducing [her] into entering into a

20 predatory loan contract wherein Plaintiff was charged amounts not allowed by law."  Id. at 14,

21 17.  Defendant again moves to dismiss Plaintiff's TILA claim on statute of limitations grounds.

22      The Court notes, as a threshold matter, there are two separate but related equitable

23 doctrines that may toll a limitations period:  (1) equitable tolling and (2) equitable estoppel.

24 Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).

25 "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff:  If a

26 reasonable plaintiff would not have known of the existence of a possible claim within the

27 limitations period, then equitable tolling will serve to extend the statute of limitations for filing

28 suit until the plaintiff can gather what information he needs.'"  Id. (quoting Johnson v.

1    Henderson, 314 F.3d 409, 414 (9th Cir. 2002)).  "Equitable estoppel, on the other hand, focuses

2    primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes

3    referred to as 'fraudulent concealment.'"  Id.  Here, Plaintiff predicates her equitable tolling

4    argument on the premise that Defendant "concealed" its TILA violations.  See FAC at 14, 31.

5    As such, Plaintiff's argument is more appropriately framed as equitable estoppel, as opposed to

6    equitable tolling.  Either way, Plaintiff's tolling argument fails as pleaded.

7           The gravamen of Plaintiff's argument is that Defendant concealed its TILA violations in

8    order to defraud Plaintiff by inducing her into entering into a predatory loan.  See FAC at 14,

9    17, 31.  These allegations are too vague to comply with the particularity requirements of

10   Federal Rule of Civil Procedure 9(b).  See Wasco Prods., Inc. v. Southwall Techs., Inc., 435

11   F.3d 989, 991 (9th Cir. 2006) (tolling of statute of limitations based on fraudulent concealment

12   must be pleaded with particularity).  That aside, the FAC is devoid of facts demonstrating that

13   Defendant actively concealed its purported TILA violations.  Rather, Plaintiff does nothing

14   more than restate her fraud and TILA claims, which is insufficient as a matter of law to invoke

15   the doctrine of equitable estoppel.  See Lukovsky, 535 F.3d at 1052 ("The primary problem

16   with plaintiffs' argument is that their alleged basis for equitable estoppel is the same as their

17   cause of action.  As we have previously explained, the plaintiff must point to some fraudulent

18   concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon

19   which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'") (citation

20   omitted); Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000) (same).

21          Plaintiff's argument fares no better when viewed through the lens of equitable tolling.

22   "To establish that equitable tolling applies, a plaintiff must prove the following elements:

23   [1] fraudulent conduct by the defendant resulting in concealment of the operative facts, [2]

24   failure of the plaintiff to discover the operative facts that are the basis of its cause of action

25   within the limitations period, and [3] due diligence by the plaintiff until discovery of those

26   facts."  Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).  As

27   discussed, Plaintiff fails to allege facts with sufficient particularity to establish fraudulent

28   concealment by Defendant.  But even if she had, the FAC fails to allege facts demonstrating

that a reasonable plaintiff exercising due diligence would not have known of her claim during the limitations period.  Lukovsky, 535 F.3d at 1051; Williams, 104 F.3d at 241.  Rather, Plaintiff simply avers that she exercised due diligence "by engaging licensed professionals to assist Plaintiff in the procurement of the note."  FAC at 31.

The Court concludes that Plaintiff has failed to allege facts sufficient to invoke the doctrine of equitable tolling or equitable estoppel.  Therefore, Defendant's Motion to Dismiss Plaintiff's TILA claim is GRANTED.

### B.   SUPPLEMENTAL STATE LAW CLAIMS

All of Plaintiff's remaining claims are based on state law.  When the federal claim that served as the basis for jurisdiction is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Given the lack of any remaining federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and dismisses Plaintiff's state law causes of action without prejudice to submitting such claims in a state court action.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); c.f., Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.      Defendant's Motion to Dismiss is GRANTED as to Plaintiff's fourth claim under TILA, which is dismissed without leave to amend; judgment shall be entered in favor of Defendant as to Plaintiff's TILA claim.

2.      The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law causes of action, which are dismissed without prejudice to presenting them in state court.

3.      The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  March 31, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAMESHA ROBERTSON,

      Plaintiff,

  v.

BANK OF AMERICA NA et al,

      Defendant.

_____/

Case Number: CV10-03525 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamesha  Robertson
1215 HollyBurne Avenue
Menlo Park,  CA 94025

Dated: April 1, 2011

                    Richard W. Wieking, Clerk

                      By: LISA R CLARK, Deputy Clerk